IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACKIE MCGEE,

                                            OPINION AND ORDER

              Plaintiff,

                                            21-cv-204-bbc

     v.

SERGEANT PONTOW,
SERGEANT RASMUSSEN, C.O. COUSINEAU AND
C.O. EDGER,

              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Jackie McGee has been granted leave to proceed on his claim that staff at the Fox Lake Correctional Institution violated his rights under the Eighth Amendment and the equal protection clause by failing to take reasonable steps to prevent him from contracting COVID-19 while he was working as a custodian on a COVID-19 isolation unit. Defendants have moved to dismiss the case under Fed. R. Civ. P. 12(b)(3) for improper venue, or in the alternative, to transfer it to the Eastern District of Wisconsin under 28 U.S.C. § 1406(a), on the grounds that all of the defendants reside in the Eastern District and the relevant events took place in the Eastern District. 28 U.S.C. § 1391(b) (venue is proper where defendants reside or where the events giving rise to the claim took place).

      Plaintiff does not dispute that all of the relevant events occurred at the Fox Lake Correctional Institution, which is located in the Eastern District, nor does he present facts suggesting that defendants reside in this district. However, he opposes transfer, arguing that this court has discretion to deny the motion under 28 U.S.C. § 1404(a). Contrary to

1

plaintiff's understanding, however, § 1404(a) may be invoked only if venue is *proper* in the district where the case was filed. 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3844, at 33 (3d ed. 2007 & Supp. 2013) ("[t]ransfer under Section 1404(a) is possible only if venue is proper in the original forum").  Where, as here, venue is *improper* in the district where the case was filed, then the court applies § 1406(a), which provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  I conclude that transfer, rather than dismissal, is in the interests of justice.  Accordingly, I will grant defendants' motion and will transfer this case to the Eastern District of Wisconsin.  Further, because I am transferring this case, I will take no action on plaintiff's motions for the appointment of counsel, which can be better addressed by the transferee court.  Dkt. ##23, 29.

ORDER

IT IS ORDERED that defendants' motion to dismiss or transfer this case to the Eastern District of Wisconsin, dkt. # 19, is GRANTED. This case is TRANSFERRED to the Eastern District of Wisconsin.

Entered this 13th day of October, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge